# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM SKIBBE,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0733**  (BOR Appeal No. 2045102)
          (Claim No. 2009072812)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CAPTAIN D'S, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Skibbe, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Captain D's, LLC, by Stephen Mathias, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 31, 2011, in which the Board affirmed an August 26, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 24, 2008, decision rejecting Mr. Skibbe's request for workers' compensation benefits for failure to cooperate. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

On December 12, 2008, Mr. Skibbe filed a Report of Injury alleging that he sustained a work-related right foot injury on December 9, 2008. After the claims administrator denied his request for workers' compensation benefits, Mr. Skibbe appealed the decision to the Office of Judges. On May 14, 2009, Captain D's sent him a set of interrogatories, a request for the production of documents, and a medical release to sign and return to the employer. Mr. Skibbe failed to comply with these requests, and on October 2, 2009, the Office of Judges issued an Order ordering him to comply within thirty days of the date of the Order and warning him that failure to do so could result in a decision granted against him pursuant to West Virginia Code of State Rules § 93-1-7.2(B)(2)(3) (2008). Mr. Skibbe again failed to comply and the Office of Judges entered an Order to Show Cause on January 6, 2010. On February 8, 2010, Mr. Skibbe filed a late request to extend the time frame, and the Office of Judges extended the time frame to April 18, 2010.

In its Order affirming the December 24, 2008, claims administrator's decision, the Office of Judges held that Mr. Skibbe failed to comply with the Office of Judges October 2, 2009, Order to Compel, and thereby denied Captain D's the ability to develop its evidence.

West Virginia Code of State Rules § 93-1-7.2(B)(2)(d) (2008) states: "The Office of Judges may issue an Order to Compel completion of interrogatories upon a showing of unjustified failure to cooperate. If a party fails to comply with an Order to Compel, the Office of Judges will issue an Order to Show Cause. Absent sufficient response, the Office of Judges may, in its discretion, impose any of the following sanctions: (1) Decide the issue against the non-cooperating party; (2) Issue an order dismissing the protest of the non-cooperating party; (3) Take other actions as justified."

West Virginia Code of State Rules § 93-1-7.2(B)(3) (2008) provides in part: "The claimant has a duty to sign a medical authorization that is in compliance with all applicable statutes and applicable case law in order to provide the employer with relevant medical records. The Office of Judges may issue an Order to Compel the signing of the authorization upon a showing of unjustified failure to cooperate. If a party fails to comply with an Order to Compel, the Office of Judges will issue an Order to Show Cause. Absent sufficient response, the Office of Judges may, in its discretion, impose any of the following sanctions: (a) Decide the issue against the non-cooperating party; (b) Issue an order dismissing the protest of the non-cooperating party; (c) Take other actions as justified."

The Office of Judges afforded Mr. Skibbe every opportunity to comply with the requirements set forth in the Rules. It issued both an Order to Compel and an Order to Show Cause in an attempt to obtain compliance with the employer's evidentiary requests. After multiple extensions of the time frame to submit evidence, Mr. Skibbe ultimately had nearly a year to comply with the employer's requests. As noted by the Office of Judges, Mr. Skibbe was fully warned that his continued noncompliance could result in a decision that is unfavorable to him. The Board of Review affirmed the Office of Judges decision rejecting the claim in its Order of March 31, 2011. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3